Case number 22-1004, In-Rate Flyers Rights Education Fund, Inc., DoingBusinessAsFlyersRights.org, and Paul Hudson Petitioners. Mr. Kurt Patrick for the petitioners, Mr. Totaru for the respondent. Good morning, Mr. Kirkpatrick. Good morning, Your Honor. May it please the court. My name is Michael Kirkpatrick, and I represent the petitioners. Section 577A of the 2018 FAA Reauthorization Act states that after notice and comment, the FAA shall issue regulations that establish minimum dimensions for passenger seats, including minimums for seat pitch, width, and length, and that are necessary for the safety of passengers. The FAA had a deadline of October 5th, 2019 to get it done. We're nearly three years past the statutory deadline, and the FAA has not even begun the rulemaking process. Therefore, mandamus relief is warranted, and this court should order the FAA to commence rulemaking and issue a final rule within six months of the court's decision. Now, the FAA argues that it's required to engage in rulemaking if and only if it determines that minimum seat dimensions are necessary for passenger safety. But that argument should be rejected for several reasons. First, the statute is written in mandatory terms. It says that. Counsel, would you, as you make your argument about the interpretation of the statute, put it in terms of what your burden of proof is here. You have to show that you're clear and indisputably entitled to relief, right? That is correct. Okay, so we're not just interpreting the statute as we would in a Chevron case. You have to show that under this statute, you are clearly and indisputably entitled, right? That is the standard, Your Honor. So why don't you make your argument? Well, yeah, I will. The mandatory language here, it doesn't say if necessary. It says and. It says and that are necessary. And I think the most natural reading of that phrase, that are necessary for the safety of passengers, is that it indicates the criteria that the agency is to use in setting the standards, which is safety. Suppose I asked you to buy me a car that is fast and red. Would you get me a car that's just fast with that regard to color? No, but here I think it's different. And I think it favors our argument is that it says they shall issue regulations and those regulations must be those that are necessary for safety. Safety as opposed to something else. You shall get me a car that is fast and red. Yes, shall give us a rule. No, shall get me a car that's fast and red. So can you get me a car that's fast and not red? No. No, there are two aspects of this. One is to issue a rule, setting forth minimum seat dimensions. The other aspect is that when setting those minimums, the criteria that should be used is minimums necessary for safety, as opposed to let's say comfort or convenience. And so- Your reading of the statute council, given its mandatory terms, consistent with at a minimum requiring the agency to issue a notice. And I'm trying to get to the point. Suppose the agency issues a notice, it receives comments and it reviews those comments. And in its expert judgment, changes are not necessary to ensure safety of the passengers. And the agency is able to give some reasons for that. And for example, they might be in terms of the volume capacity, physical volume capacity of the plane, where you have a certain number of passengers to enable them to evacuate within what the agency determines is the time, the maximum time. In other words, as I understood your argument, maybe I misunderstood it. And maybe I misunderstood the government. I thought the resistance was not so much to having a public discussion of this issue. And with the FAA coming up with its reasons why it doesn't think any changes are necessary after considering the comments, as opposed to Congress saying, here are the seat dimensions. We've determined that those are necessary for public safety, end of discussion. Yes, your honor. I think the point that we're trying to make is that currently there are no minimum seat dimensions. Congress said that the FAA shall establish minimum seat dimensions. What those are, that's gonna go to the merits of the eventual rule. And maybe they're going to codify the current seat dimensions and say that those are all that is required for safety. Then maybe there'll be a challenge on the merits. But the point here is that there is no regulation now on seat pitch width or length. Congress wants a rule on those dimensions and to assert that it need not engage in rulemaking unless and until it decides that such a rule is necessary for safety, that would be sort of absurd because there must be some minimum size below which safety would be impact. And the court, this court recognized that such in 2017- Mr. Kirkpatrick, can you give the best case where our court has granted mandamus under the following circumstances. Number one, the agency has consistently expressed an intent to act. They haven't declared we're defying a statute. That's condition number one. And condition number two, the agency's tardiness is less than three years. Are there any cases that fit that? No, Your Honor, none comes to mind. I think the Peer case that we cite in our brief would be the closest. It has the first of your criteria, but it was longer than three years. Sounds like we would be breaking new ground then in terms of granting mandamus under these circumstances. And we would be breaking new ground with regard to a statutory command that even if you're right about its meaning, maybe falls short of you being indisputably right. And I think some of our precedents use the word indisputable as a condition for granting mandamus. Well, Judge Walker, I would point to the fact that Congress gave a one-year deadline to do a rulemaking, which is pretty unusual. That's a very tight timeframe. And I think that shows that Congress did not want this rulemaking to lag. I would also point out that at this point, the agency is not saying they intend to do a rulemaking. In July, and you see this in their 28-J letter, they solicited comments to determine whether to do a rulemaking. So they haven't even committed to doing a rulemaking. They're still trying to determine if they think they should do a rulemaking. Let's say that we can get to the track six factors. The third factor into a degree, the fifth, inquires into whether health and welfare are an issue. I want you to make an assumption that I'm sure you don't agree with, but it will help me try to figure out this case. Assume there's insufficient record evidence that agency action on seat size will mean a significant improvement in health and safety. Does that affect how we apply track? I don't think so. Because Congress thought in 2018 that there was a need for these minimums for safety. So I think Congress has already sort of made that determination that this is in fact something necessary for health and safety. And I don't think the agency argues that seat dimensions at some point will impact emergency evacuations. Also, it's not just emergency evacuations. There are other safety factors like race, position. Thrombosis, and they've addressed that to a degree. If car travel is more dangerous than air travel, maybe it's not, but that's sort of a conventional wisdom. You know, they say if you're afraid to fly a plane, well, don't worry, the drive to the airport was more dangerous than the flight, that kind of thing. Should that affect whether increasing seat size, which would increase the price of seats for passengers, possibly decrease the quantity of seats on a plane would actually cost more lives than it will save? Well, I think that's something that would go to the merits of the rule, and the agency could investigate that. And in the rulemaking, that might be a reason that they come out one way or another. Again, we're just asking- Would it be okay to come out with the other, come out and say the current seat sizes are sufficiently big that no regulation is necessary? And we accept the risk that the resulting rule might not be one we like. I had hoped to reserve some time for rebuttal, but I see I've used my 10 minutes. I'm happy to give you a couple minutes on rebuttal, but first I want to make sure that Judge Tatel and Judge Rogers don't have any other questions. Judge Rogers? I just want to be clear as to counsel's response to Judge Walker's last question. I thought there were, he posed the question and the answer, I don't know, didn't quite hit the nail on the head. In other words, counsel is posing that you can have a rulemaking that results in no minimum mandatory seat requirements, or wasn't that the premise of the judge's question? I just need to keep very clear on that. I may have misunderstood, and I apologize if I did. I think that the statutory mandate is to have a rule that establishes minimums. What those minimums are, we understand that there's risk that the agency could say the current status quo is fine or even move in the wrong direction. I do think they have to establish minimums, and that's important because right now there is no rule, and so there's nothing to stop the continued sort of shrinkage of the seat dimensions. But didn't the record, there's a letter in the record from the agency which says that seat size unlikely to go below seat, what do you call it, the 28 inches. It's not unlikely to go below the 28 inches without violating other regulation, right? That is the agency's position. But their position is that it would violate their regulations to go below it, and their conclusion is that as long as it doesn't go below 28 inches, there is no safety, as uncomfortable as they may be. Yes, but there's two bits of speculation in the agency's position. One is that they're assuming the seat length will not drop below 18th, and they're also assuming that nine inches of space is needed to have emergency egress after a crash and the seat has deformed. But we don't know for sure that that would be necessary, and those regulations which are independent are a couple of decades old, and people have gotten bigger, Americans in particular, have gotten bigger during that time. Anything else, Judge Rogers? No, thank you, Judge Walker. Thank you, Mr. Kirkpatrick. We'll hear from Mr. Totaro. May it please the court, Martin Totaro for the federal respondent. The Federal Aviation Administration is in the midst of collecting comments from the public addressing seat dimensions and safety. The comment period doesn't close until November 1st, but the notice has been effective in eliciting the public's view. As of yesterday, the agency has already received almost 12,000 comments. If the comments demonstrate to the agency that additional standards are necessary, it will promulgate a rule. And if the agency concludes that current standards are adequate, that decision will be subject to judicial review. I'd like you to get to focus on the standard that we're applying here, and this is a mandamus action, right? Yes, Your Honor. So you say in your brief  and therefore we don't even have to engage in a discussion about what section 577 even obligates the agency to do, right? Yes, Your Honor. That isn't, I'm not sure that's the way we look at mandamus. We first have to have jurisdiction. And to have jurisdiction, we have to look at the statute, don't we? We have to look at the statute to find out whether there's a clear and indisputable right to relief. If there is, then I think under our case law, then we go look at the question of whether or not the delay is egregious. But we first have to get over the jurisdictional hump. And I don't see how we do that without looking at the statute. Your Honor, I'm not sure under track that that's a jurisdiction. This is before we even get to the track. Isn't that the way mandamus works? So our point was merely that even if there were a violation, the court could- Well, that's not what your statute. Well, I wouldn't have asked the question if that's what your brief had said, but that's not what you're saying, right? You tell us in the brief, we do not have to engage in a discussion of what the statute means. Right, because I think under track, it's already sort of like a presumptive jurisdiction analysis anyway. If the court disagrees though, happy to engage with the text of 5707. Why don't you tell us what you think about the statute and specifically respond to your opponent's argument that yes, it does say and affect safety, but as he points out, agency hasn't issued a regulation at all. Yes, your Honor. As your Honor pointed out, the last phrase of the statute says, and that are necessary for the safety of passengers under canons like the conjunctive canon under this court's precedence, like Loving versus IRS from 2014, the word and does something and it's a requirement of the statute. So and functions as a requirement rather than as for example, an or. And so the way the statute is phrased, it provides the administrator of the FAA with discretion to determine whether a regulation is necessary for the safety of passengers. Well, one way to interpret the statute differently than I suggested is that the agency would have to issue, the agency's position is there's no safety problem unless it goes below 28 inches, right? Is that right? That is the current position, but that said, the agency has also asked for public comment. Yeah, I understand. Okay, so that's your position. So the way they comply with the congressional directive is they issue regulation, which says that at 20, if it goes below 28 inches, then here are the, or it can't go below, they could issue regulation which says it can't go below 28 inches, otherwise it would adversely affect safety. Then you would have a regulation in conformity with our Congress directive. But now the agency hasn't issued a regulation at all. Your honor, the agency doesn't understand Congress to have said that it needs new standards if the agency concludes that there is no current problem. That's not what the statute says. It says you shall issue regulations regarding seat size and that affect safety. So isn't it a perfectly logical interpretation to issue a regulation which says seat size can't go below 28 inches? It is a plausible interpretation. I don't think it's the most natural interpretation. What the statute requires is that the agency after providing notice and comment, and here, the administrator of the FAA shall issue regulations that are necessary for the safety of passengers. And so the critical inquiry there is whether the administrator has discretion if it is not necessary for the safety of passengers to not issue a regulation. But what I think Petitioner's interpretation tries to do is to sort of bring that last clause up front as a congressional finding. And so it would be a clear statement or a congressional finding that minimum seat dimensions are necessary for the safety of passengers. And then the statute would proceed, not after a year the FAA administrator shall issue a regulation. But that is demonstrably not how the statute is written. Instead, the agency interprets Section 577 to be demanding from the agency to get information from the public to take a fresh look anew at the connection between seat dimensions and passenger safety. And that is also in conjunction with Section 337, which also says- There might be a third way to read that last clause that's necessary for safety. The first clause describes the topic. They shall issue regulations about seat size. And then the second clause might limit the types of seat size regulations that can be promulgated. So if we're absent the second clause, FAA might be able to limit seat size based on comfort. The second clause says, no, you're only allowed to make your decision when it's based on safety. What's wrong with that? I think the question there, Your Honor, would be whether if the agency has determined that no further regulations are necessary for safety, whether it has to nonetheless regulate in this field, which would be a regulation that essentially means- I think based on what you just said, then, it wouldn't really matter whether the statute's phrased the way it currently is, which is that, dot, dot, dot, and that, that, that. It could just be that, dot, dot, dot, period, end of sentence. And the next sentence could say, those regulations must be based on safety factors, not comfort factors. Your Honor, I think if the and clause were removed altogether, then that would be an affirmative obligation to regulate regardless of the necessary for safety clause. Even if the next sentence said what I just said? And then if the next sentence was framed as a description of what came before, then I think that's probably a closer case. And I think that that could potentially still be a case in which a regulation wouldn't be necessary, no further regulation would be necessary if the agency determines that the current regulatory scheme protects the safety of passengers. I get clarification on the status of notice and comment. It sounded like when you started out today, you said that the notice and comment, formal notice and comment period had begun. I understand that, right? No, Your Honor, the agency has asked the public for notice and comment. There's been no proposed rulemaking. The difficulty here is that the statute is vague in several respects, including this particular respect, what it means by notice and comment. To be clear, the agency has not engaged in a notice of proposed rulemaking. It has just sent out a notice to the public to receive comments to further educate the agency. And one important component I wanna emphasize about the notice is it didn't just say, public, send us what you got. Instead it said, what would be most helpful to us is technical data that demonstrates any potential connection. And so it's seeking a very specific kind of information, but of course- Will there be a notice of either proposed rule or the notice of a decision to not propose a rule followed by a comment period for that? I think the agency, if I understand, there will not necessarily be a notice of proposed rulemaking, but the agency will announce the results if it determines after reviewing all of the thousands of comments that no further regulations are necessary. And then that order decision statement, whatever it's called, will be a final agency action subject to review under 49 U.S.C. 46110. And so the critical point here is that either petitioners will get a rule that they're seeking or there will be an order that is subject to review in this court or wherever the petitioner resides. Do you have a guess on when that would happen? I don't. It's impossible to say just because historically, most of the comments have been sent in before the end of the comment period deadline. And this is rather unique in that the public seems very engaged with this issue. And we've received, the agencies just received thousands and thousands and thousands of comments and it wouldn't surprise me if the majority of those- I'm not saying we would do this, but if we were to issue an order asking order requiring you to submit a schedule or when either proposed rule will be made or a decision to not propose a rule will be made, you wouldn't be able to satisfy that order? So, Your Honor, I think as cases like Bar Laboratories demonstrate, there's no need for the court to retain jurisdiction in that scenario, but of course, it's within the court's discretion. And my only point is that the agency would have a clear view about timing after it knows how many comments it's received and after it takes a look at the content of the comments themselves. Thank you. Judge Rogers, any additional questions? No, thank you. Thank you, Your Honor. I think we have your- Thank you, Your Honor. Thank you. Perhaps two minutes for Mr. Kirkpatrick. Thank you, Your Honor. I only have two things to say. The first is this current comment period, it is not a rulemaking. It moves us no closer to a rulemaking because there's no commitment to do a rulemaking. They're studying if and whether to do a rulemaking. My second point is that on the argument that it is somehow discretionary for the agency to decide whether a rule is necessary. Congress knew the FAA's position on this at the time of enactment. The agency had just come out in July of 2018 with a response to a petition for rulemaking on this subject and said the agency doesn't think minimum seat size regulations are necessary for safety. And just three months later, Congress essentially overruled that and said,  All we have to go on in terms of the mandamus question here is the words of the statute, right? That's, we're not gonna look behind those. I mean, maybe we would if this was a Chevron case, assuming Chevron even exists anymore. But at this stage where your burden is to show that you're clear and indisputable grounds for belief, I don't see how we can go beyond the plain language of the statute. Well, Your Honor, we think that we should prevail under the plain language. Okay, then let me ask you this, going back to the discussion you and I had earlier. Assume here, I'll give you your side credit. Assume there's two plausible interpretations of the statute. The agency's and yours, and even assume that yours is more plausible than theirs, but theirs is still plausible. That is, that the language necessary for safety excuses them from issuing regulation now. Let's just assume, because you agreed with me before that that was at least plausible. And yours is more plausible.  and indisputably entitled to believe. Can you make that argument? Go ahead and make that argument for us. Explain to us how, given the fact that the agency's interpretation, though less plausible, is still plausible. How can you be clearly and indisputably entitled to believe? What's the argument? Three arguments. We just need one. Go ahead. Okay, well, I'd like to get this. Okay, you can have three. One is that it is a more natural reading to say that safety is the criteria. Okay, the more natural doesn't answer the question. That's just saying more plausible. All right, the second would be that it's absurd to say that there might be no minimum. We know just as a matter of common sense and basic physics that- Well, excuse me, but the agency hasn't said there won't be. The agency has said it's unlikely  And presumably, if it does, they'll issue a regulation. But right now, there is no regulation on these dimensions. But is there any current threat to safety? Yes. There is? Yes. I thought even you agreed there wasn't at the current level, at the current dimensions. No, we actually think that the agency is wrong with respect to the current dimensions because the one simulation that they did using current seat sizes, the population of volunteers who participated in the simulation do not have the same demographics as the flying public. But the- You mean they're not fat? Exactly. There were no obese people. There were no people over 60, nobody with a disability. Wait a minute, people over 60 aren't all fat. Let me get you on happier ground, maybe, but maybe not, because I think what the FAA said is the issue with evacuation speed is not gonna be how fast people can get out of their seats. The issue is that line that forms in the middle aisle, you know, and we've all gotten off of an airplane, not an emergency, thank goodness. And that line is what is slow. And so whether or not it takes someone five seconds to get out of their seat or 25 seconds to get out of their seat, the FAA is saying there's nowhere to go. The line is not moving fast. Well, we think the studies are deficient and the Office of Inspector General pointed out some of the missing data and invalid assumptions that underlie some of those studies. But again, we accept the risk that the minimum seat sizes established in a proper rulemaking could essentially codify the status quo. So you keep saying that, but I, you know, the statute says that are necessary. Usually if the status quo is perfectly fine, then a regulation is not necessary. But there is no regulation at all right now. So there is nothing to stop the- Most of life does not have regulations. At least it used to be that way. So usually we only, I think agencies only do regulations when there's a problem to fix. And the FAA decided there was not a problem to fix. Congress essentially overruled them and said, we want a minimum seat dimension regulation. Judge Tatum? No, I'm fine. Judge Rogers, anything else? No. Thank you. Thank you. Case is submitted.
judges: Walker, Rogers, Tatel